668 S.E.2d 438

**LYNCHBURG DIVISION OF SOCIAL SERVICES, Appellant,**

v.

**James COOK and Sandra Cook, Appellees.**

**Record No. 2792–05–3.**

Court of Appeals of Virginia.

Nov. 12, 2008.

Before FELTON, C.J., and ELDER, FRANK, HUMPHREYS, CLEMENTS, KELSEY, McCLANAHAN, HALEY, PETTY, BEALES and POWELL, JJ.

In accordance with the mandate of the Supreme Court of Virginia entered on October 2, 2008 and the opinion of that Court rendered on September 12, 2008, the opinion previously rendered by this Court on August 14, 2007 is withdrawn, the mandate entered on that date is vacated, and this case is "remanded to the trial court for further proceedings in accordance with the principles expressed in the written opinion of [the Supreme] Court."

HUMPHREYS, J. with whom FRANK, CLEMENTS and PETTY, JJ., join, concurring.

I concur in this order because I must. However, I take the unusual step of writing separately because I believe the portion of the opinion of the Supreme Court of Virginia relating to the award of attorney's fees in this case has far reaching consequences, perhaps unintended, that I feel constrained to point out.

In its opinion, reversing this Court for applying the wrong legal standard in determining whether to award attorney's fees for expenses incurred on appeal, the Supreme Court noted that we relied upon Code § 16.1–278.19 and our decisions in *Cartwright v. Cartwright*, 49 Va.App. 25, 635 S.E.2d 691 (2006) and *Gottlieb v. Gottlieb*, 19 Va.App. 77, 448 S.E.2d 666 (1994), as indeed we did. However, it is unclear from the opinion of the Supreme Court whether or not this Court any longer has the discretion to award attorney's fees in these cases at all. In reversing our decision, the Supreme Court did not address whether Code § 16.1–278.19 actually gives this Court the authority to award appellate attorneys' fees in cases originating in juvenile and domestic relations district courts ("J&DR courts"). Instead, the Supreme Court expressly limited its holding to reversing this Court for failing to apply the standard set forth in Code § 16.1–278.19.

*Cartwright* and *Gottlieb* thus remain valid precedent, and we are obligated to continue to follow them unless and until they are overruled by this Court sitting *en banc* or by the Supreme Court of Virginia. Pursuant to *Cartwright, Gottlieb* and Code § 16.1–278.19, we "*may* award attorneys' fees and costs on behalf of any party as the court deems appropriate based on the relative financial ability of the parties." (Emphasis added.) In reversing this Court, the Supreme Court stated that it was expressing no opinion as to whether attorney's fees associated with the appeal should have been awarded. Rather, the Supreme Court noted that it was merely holding that, under Code § 16.1–278.19, we erred by applying the wrong standard in doing so.

Curiously, however, the opinion and mandate of the Supreme Court directed that we remand to the *circuit court*, with instructions that it, rather than this Court, conduct the determination of whether attorney's fees should be awarded on appeal. Typically, when a lower court errs, as we did here, the case is remanded with instruction that the error be corrected by the court which erred. This has been true in the past for an award of attorney's fees, where the case is remanded to the court in which the parties incurred those

expenses. For example, in *Antonelli v. Antonelli*, 242 Va. 152, 409 S.E.2d 117 (1991), the Supreme Court awarded attorney's fees for expenses incurred in the appeal to the Supreme Court, remanded to the Court of Appeals, directing us to award attorney's fees on account of the costs incurred in our Court, and ordered us to remand to the circuit court for its reconsideration of the parties' attorney's fees incurred in that court. Here, the Supreme Court has departed from that precedent and ordered the circuit court to determine the propriety of an award of attorney's fees for expenses incurred in the Court of Appeals.

In my view, ordering us to remand directly to the circuit court presents at least two problems. First, it is unclear what statutory authority the circuit court has to award attorney's fees for expenses incurred in an appeal to the Court of Appeals. Code § 16.1–278.19 gives the J&DR courts the authority to award attorney's fees "in cases properly before [them]." *Cartwright* and *Gottlieb* extended that authority to the Court of Appeals, in cases before it. However, no statute or previous case that I can find gives the circuit court the authority to determine whether a party should receive an award for attorney's fees for expenses incurred in an appeal to a higher court. The Supreme Court's decision in this case has either inadvertently ordered the circuit court to do something that court has no authority to do, or it has impliedly given the circuit courts authority that they never had before.

Second, in light of the Supreme Court's decision in this case, it would seem to be appropriate for this Court to revisit the issue in *Cartwright* and *Gottlieb* with respect to whether Code § 16.1–278.19 provides any authority for the award of appellate attorney's fees. Yet it appears that this Court will now have no opportunity to do so. If the circuit court is the appropriate court to determine appellate attorney's fees in this case, it must be the appropriate court for all such requests made pursuant to Code § 16.1–278.19. In essence, the Supreme Court has apparently taken the authority that we, correctly or not, bestowed upon ourselves in *Gottlieb* and *Cartwright*, and given that authority to the circuit courts.

However, the Supreme Court did not overrule *Gottlieb* or *Cartwright* and remanding this case to the circuit court to determine whether to award attorney's fees on appeal ignores the obvious fact that the circuit court remains bound by these precedents and, thus, is hardly in the best position to determine whether Code § 16.1–278.19 gives the Court of Appeals, or any other court, the authority to award appellate attorney's fees in this case.

In my view, the only possible alternative construction of the Supreme Court's holding on this issue mandates a conclusion that, despite its express language otherwise, the Supreme Court implicitly held that there is no discretion whatsoever to refuse to award attorney's fees sought pursuant to Code § 16.1–278.19, provided only that the parties experience economic disparity. This construction reveals a different set of readily foreseeable and equally significant consequences. Essentially, such an interpretation of the Supreme Court's opinion would require this Court to remand for an award of appellate attorney's fees in all cases originating in the J&DR courts where such fees are requested. Given this construction of the opinion and mandate of the Supreme Court, non-discretionary remand to the circuit court would certainly be appropriate because necessarily the only questions to be resolved, both factual in nature, are a determination of which party has the greater "financial ability to pay" and the amount of the attorney's fees that party will be liable for.

The predictable results of such a construction would be profound to say the least since Code § 16.1–278.19 applies to *all* cases originating in the J&DR courts. Under this analysis, the more affluent party will invariably be required to pay the attorney's fees of the other party in every J&DR case and at all levels of appeal, without regard to any other consideration. Certainly, in cases such as this one, the Department of Social Services of the locality in question will likely be the more affluent party, and will almost invariably be required to pay the attorney's fees of the other party regardless of any factor normally part of the equation in determining whether to award attorney's fees.

**12**

Notwithstanding the foregoing observations, the highest court of the Commonwealth has spoken and I respect the finality of its decision. I thus concur in this order remanding this case to the circuit court for the purpose of carrying out the mandate of the Supreme Court of Virginia.

This order shall be published and certified to the trial court.